UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA WORKERS' COMPENSATION
CORPORATION

CIVIL ACTION

VERSUS

NUMBER 06-799-SCR

THE HARTFORD AND/OR THE HARTFORD
INSURANCE COMPANY

### RULING ON MOTION TO FOR SUMMARY JUDGMENT

Before the court is the Motion for Summary Judgment on the Issue of Liability filed by plaintiff Louisiana Worker's Compensation Corporation. Record document number 16. The motion is opposed.[1]

After careful consideration of the parties' submissions, the court finds that the plaintiff has not shown there are no genuinely disputed issues of material fact, nor that it is entitled to judgment as a matter of law.

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party

---

[1] Record document number 30. Plaintiff filed a reply. Record document number 40.

opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

Plaintiff's claim is based on the theory of unjust enrichment. Louisiana Civil Code article 2298 provides, in relevant part, as follows: "A person who has been enriched without cause at the expense of another person is bound to compensate that person."

Plaintiff sought summary judgment on the issue of liability only. Plaintiff argued that it paid for medical services covered under its workers' compensation policy which were also covered by the medical insurance policy issued by defendant Hartford, and that Hartford's policy is primary to the plaintiffs. Plaintiff argued further that if there is primary coverage under the Hartford policy, then Hartford is liable.[2]

Even if there are no genuinely disputed material facts, for the plaintiff to prevail it must show that it is entitled to judgment as a matter of law. Plaintiff cited no Louisiana court case holding or indicating that not paying a claim, which would have been a covered claim under the insurer's policy had a claim been made, constitutes an "enrichment" of the insurer which issued the policy. Likewise, the plaintiff has cited no Louisiana court

---

[2] Record document number 18, plaintiff's Memorandum in Support of Motion for Summary Judgment, p. 6.

2

case holding or indicating that paying a claim, which was both made and covered under a policy issued by the insurer, constitutes an "impoverishment."  Although both conclusions are intuitively attractive, the court does not need to make an "Erie guess" as to how the Louisiana Supreme Court would decide these questions because the plaintiff has not shown that there are no genuinely disputed material facts.³

For the same reason, the court does not need to decide whether Louisiana law would allow the plaintiff can bring an unjust enrichment claim after failing to timely assert other available remedies.  Plaintiff noted in its reply memorandum that "the statute of limitations has run for a cause of action under any other viable theory of recovery."⁴  From this language, the court can reasonably infer that at one time the plaintiff had other

---

³ Accepting the plaintiff's argument as a correct application of Louisiana law could lead to some troubling outcomes.  For example, assume a non-negligent driver brings a direct action under Louisiana law against the insurer of the negligent driver of the other vehicle, but does not sue the negligent driver.  The insurer conducts an investigation, concludes its insured was negligent and solely at fault, the claim is covered under the policy and no exclusions apply, and so pays the claim.  The insured negligent driver contributes nothing to the payment of the claim.  This is a common scenario arising from a two party motor vehicle accident.  Plaintiff's theory would hold that, for the purpose of Article 2298, the insurer suffered an "impoverishment" and the insured obtained a corresponding "enrichment" to the extent of the payment.  Could the insurer then sue its insured under Article 2298, arguing that there was no cause for its "impoverishment" and  its insured's "enrichment"?

⁴ Record document number 40, p. 3.

3

"viable" remedies which could have been asserted, but it failed to timely do so.

Plaintiff has identified payments it made for medical care.[5] But it has not offered evidence to show that the expenses it paid were covered by the Hartford policy. The Hartford policy provides coverage for Reasonable Expenses, defined as "fees and prices which do not exceed those generally charged for similar Medical Care in the local area where received by the Insured Person." The policy reserved to Hartford the right to determine what are reasonable expenses. Unless the medical expenses paid by the plaintiff fall within the definition of Reasonable Expenses, they are not payable under the Hartford policy. Therefore, Hartford was not enriched by the plaintiff's payment of any not-Reasonable Expenses.

The court disagrees with the plaintiff's argument that the proof required for recovery on an unjust enrichment claim goes to the damages phase of the litigation. While that may be true for some unjust enrichment claims, it is not true in this case. Although interpretation of defendant Hartford's medical insurance policy is an issue in this case, this is not a breach of contract

---

[5] According to Exhibit A to the plaintiff's Motion for Summary Judgment, it "provided workers' compensation benefits and medical expenses to the various firemen" as set out in Schedule B attached to its state court petition. However, the petition alleged that "[t]he medical expenses paid to or on behalf of all firefighter claimants are more fully set forth in Schedule B attached to this Petition..." For the purpose of this ruling, the court construes Schedule B to include only payments for medical expenses.

case, i.e. a case in which an insured is making a claim under the policy.[6]  Plaintiff is required to prove more to establish Hartford's liability.  Specifically, the plaintiff is required to prove that the medical expenses it paid were for Reasonable Expenses covered by the Hartford policy.[7] Plaintiff offered no summary judgment evidence on this aspect of its claim.  Nor is there a stipulation by the defendant that the plaintiff's payments were for Reasonable Expenses.[8]  The affidavit of Sandy Moore submitted with the plaintiff's reply memorandum at most establishes that LWCC used published, recognized and approved medical procedure codes, and paid claims against its policy in accordance with

---

[6] Nor is LWCC asserting a claim based on legal or conventional subrogation to the rights of its insureds.

[7] Plaintiff's Exhibit A, affidavit of Mary Dugas, refers to Schedule B but does not address in any way whether the plaintiff's payments for medical services fall within the Reasonable Expenses definition in the Hartford policy.
   Additionally, in ruling on the plaintiff's summary judgment motion, the court is prohibited from inferring, solely in reliance on Schedule B, that the amounts stated there are for Reasonable Expenses as this would be an inference in favor of the party moving for summary judgment.

[8] Plaintiff's reference to the court's statements in the Amended Scheduling Orders issued July 27 and September 24, 2007, record document numbers 14 an 15, is unavailing.  At neither conference did counsel for the defendant make a stipulation.  The July 27 order stated that the "[p]laintiff's records will have to be compared with the defendant's to determine <u>whether</u> the defendant paid claims for any of the persons who have been identified by the plaintiff." (Emphasis added).  The September 24 order stated that "additional information about the persons filing claims is needed to determine <u>whether</u> the data retrieved relates to claims paid by the plaintiff."  (Emphasis added).

5

Louisiana's Statutory Fee Schedule, LSA-R.S. 23:1034.2C(1). From this the plaintiff suggests the court ought to find that claims paid under the Statutory Fee Schedule are therefore Reasonable Expenses under the Hartford policy. But such a finding would require the court to draw an inference in favor of LWCC, the party moving for summary judgment, which the court cannot do. The affidavit simply is not competent summary judgment evidence that LWCC's payments were for Reasonable Expenses as defined by the Hartford policy.

Plaintiff's motion suffers from another fatal flaw. Plaintiff did not present any legal or factual basis to support its conclusory assertion that it "erroneously satisfied Hartford's primary commitment."[9] To the contrary, it is reasonable to infer that the claims at issue were submitted to LWCC by its insureds and were paid because LWCC determined that the claims were covered under its policy. This inference alone is enough to defeat the plaintiff's motion because it negates an essential element of LWCC's unjust enrichment claim. There is no absence of a justification or cause for LWCC's "impoverishment" – LWCC was contractually required to pay these claims.

Furthermore, the summary judgment evidence also supports the finding that there was no absence of a justification or cause for

---

[9] Record document number 18, plaintiff's Memorandum in Support, p. 5.

Hartford's "enrichment" – Hartford was not contractually required to pay claims which were not made or were not covered. There is no summary judgment evidence that any LWCC insured made any claim against Hartford's policy which Hartford rejected or failed to pay on the ground that the claim was also covered by the LWCC policy.[10]

The foregoing analysis does not negate or read out of the Hartford policy the "payable ... primary to ... any Workers' Compensation programs" language relied upon by the plaintiff. In the event of a claim against the Hartford policy for payment of Reasonable Expenses which would also be covered under the LWCC policy, the claim would not be excluded under the Hartford policy and Hartford would have the primary payment obligation. Amounts not covered by the Hartford policy would then be paid by LWCC.

Accordingly, the Motion for Summary Judgment on the Issue of Liability filed by plaintiff Louisiana Worker's Compensation Corporation is denied.

Baton Rouge, Louisiana, December 3, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] In fact, there is no summary judgment evidence that Hartford failed to pay any claims made against its policy.