UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA WORKERS' COMPENSATION
CORPORATION

CIVIL ACTION

VERSUS

NUMBER 06-799-SCR

THE HARTFORD AND/OR THE HARTFORD
INSURANCE COMPANY

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Before the court is Hartford Life Insurance Company's Motion for Summary Judgment on the Issue of Liability. Record document number 45. The motion is opposed.[1] Also before the court is a Cross-Motion for Summary Judgment on the Issue of Liability filed by plaintiff Louisiana Workers' Compensation Corporation (LWCC). Record document number 50. This motion is opposed.[2]

Plaintiff's cross-motion for summary judgment was filed after the deadline for filing dispositive motions.[3] Defendant opposed the plaintiff's cross-motion for summary judgment as timely and noted that the plaintiff previously advocated against an extension of the original deadline. Plaintiff did not seek leave of court to

---

[1] Record document number 49. Defendant filed a reply. Record document number 55.

[2] Record document number 52.

[3] *See*, record document number 43, Amended Scheduling Order. Dispositive motions were to be filed by January 31, 2008. Plaintiff filed this motion on February 22, 2008.

file its motion after the deadline, nor did it provide a reason to justify its untimely filing.  In these circumstances, the plaintiff's cross-motion for summary judgment is denied as untimely.[4]

## **Background**

Plaintiff filed this action seeking indemnification, restitution and/or recovery of medical expenses paid by it from August 4, 1996 forward, to and on behalf of injured volunteer firefighters covered under its workers' compensation and employer liability policies.[5]  Plaintiff asserted that the firefighters' medical expenses at issue were also covered under an insurance policy issued by the defendant which was primary to all other insurance policies.  Plaintiff argued that its payments to the volunteer firefighters are recoverable from the defendant under the theory of unjust enrichment.

Defendant sought summary judgment on the issue of liability and argued that the undisputed facts do not support the plaintiff's claim of unjust enrichment.  Defendant argued that, under the terms

---

[4] Regardless of its procedural deficiency, a review of the motion showed that the plaintiff failed to raise any argument different from those in its first motion for summary judgment, which was denied in December 2007.  Record document number 41.  This motion would ultimately be denied for the same reasons the defendant's motion for summary judgment is granted.

[5] Plaintiff has identified payments it made for medical care. *See*, record document number 1, Petition, ¶ 4 and Plaintiff's Schedule B.

2

of its policy, it had no obligation to pay for the medical expenses of any covered firefighter who failed to timely file a proof of loss. Defendant asserted that it had adjusted the claims on the Plaintiff's Schedule B for which timely Proof(s) of Loss were received and that no proof(s) of loss were received by the defendant for the remainder of the claims on the plaintiff's Schedule B.

Based on these undisputed facts, the defendant argued that the plaintiff cannot establish the elements necessary for a successful unjust enrichment claim. Defendant argued that there is no Louisiana jurisprudence which supports finding that it was enriched without cause by not paying claims which were not made, even if these expenses might have been covered under its policy, or that the plaintiff was impoverished without cause by paying claims that were covered under its policy.

## **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that

3

party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

Plaintiff's claim is based on the theory of unjust enrichment. Louisiana Civil Code article 2298 provides, in relevant part, as follows: "A person who has been enriched without cause at the expense of another person is bound to compensate that person." To succeed on an unjust enrichment claim, the plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) no other remedy at law, i.e., the action is subsidiary or corrective in nature. *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004), *citing*, *Minyard v. Curtis Products, Inc.*, 205 So.2d 422, 432 (1967).

Questions of Louisiana law are resolved "the way the Louisiana Supreme Court would interpret the statute based upon prior precedent, legislation, and relevant commentary." *Occidental Chemical Corp. v. Elliott Turbomachinery Co., Inc.,* 84 F.3d 172, 175 (5th Cir. 1996). When the Louisiana Supreme Court has not addressed a specific legal issue, the federal court must make an "*Erie* guess" as to how Louisiana's highest court would resolve that issue. *New Orleans Assets, L.L.C. v. Woodward*, 363 F.3d 372, 376

4

(5th Cir. 2004), *citing*, *Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co.*, 335 F.3d 429, 435 (5th Cir. 2003).

After considering the applicable law, i.e. Art. 2298, and the Louisiana cases cited by the parties, this Court concludes that the Louisiana Supreme Court would not find that the defendant was unjustly enriched or that the plaintiff was impoverished based on the undisputed facts.

The case relied on by the defendant, *Our Lady of the Lake Medical Center v. Cropper*,[6] is both instructive and persuasive. In *Cropper*, the defendant was an Our Lady of the Lake Medical Center (OLOL) employee who was injured during the course and scope of his employment. Defendant subsequently received hospital and medical benefits in the amount of $8,800.00. Defendant was not billed for his medical expenses and the plaintiff paid the physician bills directly. Plaintiff filed a claim for reimbursement with Insurance Company of North America. However, because he was the named insured, the insurer issued a check directly to the defendant rather than to OLOL. Defendant kept the insurance proceeds and the plaintiff filed an action to recover the money under the theory of unjust enrichment.

The court found that the defendant was not enriched and the plaintiff was not impoverished. The court reasoned as follows:

---

[6] 401 So.2d 403 (La.App 1 Cir. 1981), *writ denied*, 404 So.2d 279 (La. 1981).

> By law, OLOL is obligated to provide for the medical expenses of its employees injured on the job. LSA-R.S. 23:1203. The expenses incurred by plaintiff and the doctor bills paid by it were in payment of its own obligations and defendant was not required to reimburse plaintiff. It could have protected itself by having insurance to repay it; and from the circumstances it seems that it thought it had that kind of insurance. However, the policy entered into evidence unequivocally provides that it insured defendant, not plaintiff, that the benefits were payable to the defendant, not the plaintiff, and it was not "in lieu of and does not affect any requirement for coverage" for workmen's compensation insurance. For these same reasons we find that plaintiff has not been impoverished. Defendant was not obligated to repay plaintiff for the workmen's compensation benefits. INA had no obligation to pay plaintiff; its obligation was to defendant.

*Cropper*, 401 So.2d at 405.

## **Analysis**

In this case, the lack of an obligation to pay a claim defeats the plaintiff's unjust enrichment argument.  Defendant had no obligation to pay for medical expenses when no claim was made. Plaintiff failed to dispute the fact that the firefighters it also insured did not make claims against Hartford's policy, which Hartford then rejected or failed to pay on the ground that the claim was also covered by the LWCC policy.[7]

Plaintiff attempted to distinguish *Cropper* by arguing that both the employer and the insurer in that case shared the same obligation to the employee, whereas in this case the defendant's

---

[7] There is no genuine dispute that Hartford paid claims for those insureds who filed claims.  References in this ruling to insureds or firefighters means those persons covered under the Hartford policy who did not make claims.

6

obligation under its policy was primary to the plaintiff's.

Plaintiff's argument is not persuasive.  This policy provision does not change the fact that the defendant had no obligation under its policy because the firefighters failed to satisfy the initial requirement of filing a claim.  If the defendant owed an obligation to pay a claim, then the provision making the Hartford policy primary to other insurance policies arguably would have an impact on LWCC's ability to recover.  But that is not the situation in this case.

The facts in cases relied upon by the plaintiff are readily distinguishable from the facts in this case, and therefore these cases are unpersuasive.  Both *Bazile v. Arnaud Coffee Co.*[8] and *Safeco Insurance Co. v. Farm Bureau Ins. Company*[9] involved insurers who were seeking recovery of payments on claims made in error from other insurers who carried the effective coverage.  Because the insurers seeking recovery did not have any obligation to pay the claims at issue, the courts found that they were impoverished by their payments.  In this case, the plaintiff provided insurance coverage which overlapped the coverage the defendant provided.  The claims paid by LWCC were covered claims under its policy.

---

[8] 465 So.2d 111 (La.App. 4 Cir. 1985), *writ denied*, 468 So.2d 1212 (La. 1985).

[9] 490 So.2d 565 (La.App. 3 Cir. 1986).

*Transportation Ins. Co. v. Leavines*[10] and *Hebert v. Jeffrey*[11] were decided on different issues that are not presented in this matter. The unjust enrichment determination in *Leavines* was based on whether the fifth *Minyard* requirement was satisfied, i.e. whether the insurance company had another remedy at law but failed to timely take advantage of it. The parties in this case, have not raised an issue as to whether the plaintiff had another remedy at law. In *Hebert,* the Supreme Court found that the unjust enrichment theory should be applied to allow recovery where worker's compensation benefits were paid when they were not due at all because the employee was not injured in the course and scope of his employment. Again, here is no dispute that the firefighters were covered under the LWCC worker's compensation policy.

Finally, the reasoning in *Edmonston v. A-Second Mortgage Co. of Slidell*[12] is inapplicable because the relevant facts in that case are not comparable to the situation presented in this case. In making its unjust enrichment determination, the *Edmonston* court reviewed multiple obligations created between a mortgagor, a first mortgagee, and a second mortgagee, which obligations were later affected by a condition precedent. In this case, no obligation was

---

[10] 94-651 (La.App. 5 Cir. 5/10/95), 656 So.2d 720, *writ denied*, 95-1468 (La. 9/15/95), 660 So.2d 455).

[11] 95-1851 (La. 1996), 671 So.2d 904.

[12] 289 So.2d 116 (La. 1974).

created between an insured firefighter and the defendant under the Hartford policy because no proof of loss was filed.

Because the plaintiff has failed to create a genuine issue of material fact with respect to the defendant's liability under a theory of unjust enrichment, its claims must be dismissed as a matter of law.

Accordingly, Hartford Life Insurance Company's Motion for Summary Judgment on the Issue of Liability is granted and the Cross-Motion for Summary Judgment on the Issue of Liability filed by plaintiff Louisiana Worker's Compensation Corporation is denied.

Baton Rouge, Louisiana, April 14, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE